1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JESUS DIAZ ARREDONDO,** | ) | **No. CV-F 05-1136  AWI** |
| **Petitioner**, | ) | **(No. CR-F 00-5393  AWI)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | **ORDER ON PETITIONER'S REQUEST FOR RELIEF UNDER 28 U.S.C. § 2255** |
| **Respondent**. | ) | (Doc. No. 246) |

Petitioner Jesus Diaz Arredondo ("Petitioner") seeks relief under 28 U.S.C. § 2255 from the sentence of 78 months custody in the Bureau of Prisons that was imposed by this Court on April 14, 2005, following Petitioner's entry of a plea of guilty to distribution of methamphetamine and aiding and abetting under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, respectively.  Petitioner's § 2255 motion alleges that he received ineffective assistance of counsel and that his plea was not knowingly or voluntarily made.  Petitioner's motion will be denied.


**Background**

On January 31, 2005, pursuant to a plea agreement, Petitioner pled guilty to distribution of methamphetamine and aiding and abetting.  Pursuant to the plea bargain, Petitioner agreed to waive his right to appeal and his right to collaterally attack his sentence, except to the extent that the sentence exceeds the statutory maximum.  See Court's Docket Doc. No. 242.  Further, Petitioner agreed that the facts of his case included: Petitioner was introduced to an undercover agent by a confidential source on May 2, 2000, that Petitioner negotiated with the agent to sell Petitioner methamphetamine and marijuana, and on May 8, 2000, Petitioner purchased 50 grams

of actual methamphetamine for $4,500 from the agent.  See id.  The government agreed to a two-level reduction in the offense level if the adjusted offense level was below 16, or a three-level reduction if the adjusted offense level was above 16, to recommend a sentence at the bottom of the sentencing range, and to dismiss all other pending counts.  See id.

On April 11, 2005, the Court sentenced Petitioner to 78 months in custody and 60 months supervised release.  Judgment and commitment were entered on April 14, 2005.  Petitioner timely filed this § 2255 petition on September 8, 2005.


**_____ Legal Standard**

*General 28 U.S.C. § 2255*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal."  United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996).  Mere conclusory statements or statements that are inherently incredible in a § 2255 motion are insufficient to require a hearing.  United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).  Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief.  Howard, 381 F.3d at 877.

*Ineffective Assistance of Counsel*

Because claims of ineffective assistance of counsel usually implicate the validity of plea

agreements that are secured through the efforts of the allegedly ineffective counsel, those claims are not normally considered waived by plea agreements.  See United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir. 1996); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).  To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005).  This test applies to challenges to guilty pleas based on ineffective assistance of counsel claims.  Hill v. Lockhart, 474 U.S. 52, 58 (1985); Jeronimo, 398 F.3d at 1155.  To prove a deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made."  Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985); see also Jeronimo, 398 F.3d at 1155. To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  Thus, in the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the peitioner would have rejected the plea offer.  See Weaver v. Palmateer, 455 F.3d 958, 967 (9th Cir. 2006).  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong.  Id. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Id.  Courts considering ineffective counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689; Jeronimo, 398 F.3d at 1155.

**Petitioner's Argument**

**1.    Downward Departure Under 5K2.19**

Petitioner states that, from his arrest in May 2000 to his sentencing in April 2005, he had "clear conduct" and had been making efforts at rehabilitating himself.  Petitioner states that he is entitled to a further downward departure based on his conduct and U.S.S.G. 5K2.19.

**Discussion**

Construing the Petitioner's argument as either a request for re-sentencing or an allegation of ineffective assistance of counsel, relief is not warranted.  First, his allegations are conclusory and provide no factual specifics.  See Howard, 381 F.3d at 879; Hearst, 638 F.2d at 1194. Second, 5K2.19 reads, "Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense." By its express terms, post-sentence rehabilitative efforts cannot form the basis for a downward departure during resentencing.  U.S.S.G. § 5K2.19; United States v. Thompson, 315 F.3d 1071, 1078 n.1 (9th Cir. 2002).  Thus, 5K2.19 cannot now form the basis for a downward departure, nor could it have done so during Petitioner's sentencing in April 2005.  It was not ineffective assistance of counsel to fail to raise 5K2.19 during sentencing, and Petitioner cannot now receive a downward departure under 5K2.19.

**2.      Failure To Seek Downward Departure Under 5K2.20**

Petitioner argues that he was entitled to a downward departure for aberrant behavior. Petitioner states that he had no prior criminal history and that this conviction is his only blemish. Counsel was ineffective for not seeking this departure.

**Discussion**

Relief is not warranted.  Section 5K2.20(b) reads in relevant part, "The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life"  Pertinent to this case is 5K2.20(c)(3), which reads, "The court may not depart downward pursuant to this policy statement if any of the following circumstances are present . . . The instant offense of conviction is a serious drug trafficking offense."

First, Petitioner has not sufficiently alleged the elements of a downward departure under 5K2.20.  Secondly, as agreed in the plea bargain, Petitioner spoke with an undercover agent for

4

1   the sale of methamphetamine and returned several days later to complete the purchase.  This

2   indicates significant planning.  Thirdly, "[A] district court may not grant an aberrant behavior

3   departure if the offense of conviction was a serious drug trafficking offense, which is any

4   controlled substance offense under Title 21, other than simple possession."  United States v.

5   Bueno, 443 F.3d 1017, 1023 (8th Cir. 2006).  Petitioner's offense was under 21 U.S.C. § 841, it

6   was not simple possession under 21 U.S.C. § 844.  Thus, Petitioner was not eligible for a

7   downward departure under 5K2.20 and neither prong of *Strickland* can be satisfied.

8

9   **3.      Unknowing And Involuntary Plea Based On Counsel's Ineffectiveness**

10          Petitioner appears to argue that he was misadvised by his counsel and that counsel made

11  misrepresentations to him.  Petitioner also states that his plea was not knowingly and voluntarily

12  made.

13                              **Discussion**

14          It is unclear what Petitioner is alleging.  To the extent that Petitioner relies on his

15  counsel's failure to argue for the application of 5K2.19 or 5K2.20 of the sentencing guidelines,

16  those sections would not have aided Petitioner as discussed above.  The failure to pursue those

17  sections was both reasonable and non-prejudicial.  There was no ineffective assistance.

18          To the extent that Petitioner argues that misrepresentations were made to him, his

19  allegations are conclusory and insufficient.  Howard, 381 F.3d at 879; Hearst, 638 F.2d at 1194.

20  There is no description of what counsel said to Petitioner, there is no description of any

21  omissions, and there is no indication that Petitioner would not have taken the plea bargain but for

22  the allegedly improper conduct of his counsel.  See Weaver, 455 F.3d at 967; Jeronimo, 398 F.3d

23  at 1155.

24          To the extent that Petitioner argues that his plea was involuntary, his allegations are

25  conclusory and insufficient.  Howard, 381 F.3d at 879; Hearst, 638 F.2d at 1194.  Under this

26  section of his petition, Petitioner essentially cites cases and recites legal axioms, he does not

27  actually apply the axioms to himself or allege facts that remotely suggests that his plea was

28  involuntary.  Further, the plea agreement lists the charges that petitioner was facing, describes the

factual basis for the charge to which the plea agreement applied, described the government's and the Petitioner's duties under the agreement, and described the rights that Petitioner waived including the right to trial by jury.  The plea agreement is signed by Petitioner.  There is no indication that the plea was involuntary.


### Conclusion

Petitioner has failed to allege specific facts that would entitle him to relief.


Accordingly, IT IS HEREBY ORDERED that Petitioner's requested relief under 28 U.S.C. § 2255 is DENIED.  The Clerk of the Court shall CLOSE THE CASE.


IT IS SO ORDERED.

**Dated:   April 24, 2008**                          **/s/ Anthony W. Ishii**
                                               UNITED STATES DISTRICT JUDGE